[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15868
Non-Argument Calendar
_____

D.C. Docket No. 04-00071-CR-ORL-19-KRS

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MADAIRES BOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 6, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Madaires Boyd appeals his ninety-two month sentence for possessing with

intent to distribute cocaine base.  21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii).  First, he

challenges the district court's denial of his motion for a downward departure based on asserted over-representation of criminal history. Second, he argues that the district court erred by declining to find unconstitutional the sentencing disparity between cocaine base ("crack cocaine") and powder cocaine. Third, he claims that his sentence is unreasonable. We conclude that we lack jurisdiction to review the district court's denial of a downward departure, that the district court did not plainly err in declining to find unconstitutional the sentencing disparity, and that Boyd's sentence is reasonable.

## I. BACKGROUND

Boyd was arrested after a confidential source bought from him $450.00 worth of crack cocaine weighing 7.2 grams. He pled guilty to possessing with intent to distribute five or more grams of crack cocaine, without a written plea agreement.

The district court originally sentenced Boyd before *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005), was decided. It followed the United States Sentencing Guidelines' mandatory scheme and sentenced Boyd to ninety-five months' imprisonment with forty-eight months' supervised release. Boyd later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. The district court granted Boyd's motion,

2

vacated the sentence, and then reimposed the sentence to allow Boyd to file a timely notice of appeal. Boyd timely appealed, and the government conceded a *Booker* error in the initial sentencing. We vacated Boyd's reimposed sentence and remanded in full for re-sentencing.

Boyd's pre-sentencing investigation report ("PSR") set the base offense level at twenty-six since the offense involved more than five grams but fewer than twenty grams of cocaine base. U.S.S.G. § 2D1.1(c)(7). The PSR subtracted three offense levels for acceptance of responsibility. §§ 3E1.1(a), (b). The adjusted offense level was twenty-three, with a category VI criminal history. A probation officer determined that the applicable guideline range was 92 to 115 months' imprisonment. The officer also noted the statutory range of five to forty years' imprisonment. 21 U.S.C. § 841(b)(1)(B).

Boyd initially argued during his re-sentencing that the government should be required to prove that he possessed and distributed crack, not powder, cocaine. The court replied that Boyd had already admitted in his plea to possessing and selling crack. It further warned him that the credit awarded for accepting responsibility would be compromised if he put the government to its burden of proof. Boyd then withdrew the objection.

Boyd also sought a downward departure, claiming that the PSR over-

3

represented his criminal history. He specifically claimed that his sexual battery conviction as a juvenile should really have been considered a form of statutory rape. Boyd asked for the statutory minimum of five years' imprisonment. He also asked the court to give the same weight to his asserted over-represented criminal history and to the advisory guidelines range when considering the § 3553(a) factors.

The district court denied Boyd's motion for a downward departure. It then individually assessed each of the §3553(a) factors and sentenced him to ninety-two months' imprisonment. The court imposed a sentence at the lower end of the guideline range because she did not "want this sentence to be viewed as a penalty for what [Boyd] did, which was to challenge and bring up the ineffective assistance of counsel[.]" The judge also recommended that Boyd receive job training, treatment for drug use and anger management, and the opportunity to finish his GED.

Boyd then asked the court to clarify whether it considered the advisory guidelines as "a presumptive sentence." The court replied, "They are not presumptive . . . . But I do think the Guidelines give guidance, and I do look at them in sentencing. But I also go through these and try to figure out ways that they might not apply, which I've done" here. Boyd then timely appealed his new

4

sentence.

## II. DISCUSSION

### A. Downward Departure for Over-represented Criminal History

Boyd claims that the PSR over-represents his criminal history and that the district court erred by denying his motion for a downward departure. He specifically contends that his sexual battery conviction was really a form of statutory rape. But the district court accepted the PSR's conclusion that Boyd committed sexual battery at age fourteen. Boyd thus argues that the district court did not consider all the available information before imposing the new sentence.

We have jurisdiction to review a district court's refusal to grant a downward departure in sentencing only if the court incorrectly believed that it lacked the authority to do so. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). The record suggests that the district court recognized and displayed its authority to grant (or deny) Boyd's request. It particularly noted that Boyd had "compiled a serious criminal record" in "a very short lifetime." We therefore lack jurisdiction to review the district court's decision. *Id.*[1]

### B. Sentencing Disparity Between Crack and Powder Cocaine

Boyd objects to the disparate sentences for crack and powder cocaine. He

---

[1]We have also held that *Booker* does not alter the "rule that a district court's discretionary decision not to depart downward is unreviewable." *Id*. (quoting *United States v. Frokjer*, 415 F.3d 865, 875 (8th Cir. 2005).

claims that his due process rights were violated because he was denied the opportunity to present evidence about the disparity's unreasonableness. Because Boyd withdrew his objection at re-sentencing and consequently never raised a due process claim, we review only for plain error Boyd's newly raised claim. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

Boyd's contention that the crack-powder disparity is unconstitutional is foreclosed by our binding precedent. *See United States v. Williams*, 456 F.3d 1353, 1364-69 (11th Cir. 2006) (declining to second-guess Congress' decision to maintain the crack-powder sentencing disparity). The district court was accordingly not obligated sua sponte to consider the sentencing disparity. We find no plain error in its decision not to do so.

### C. *The Reasonableness of Boyd's Sentence*

Boyd's final claim is that his sentence is unreasonable. When reviewing a sentence, we first ensure that the district court correctly calculated the guideline range. *Winingear*, 422 F.3d at 1245. Then we review the sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors and "evaluate whether the sentence achieves the purposes of sentencing" set forth in that statute. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (citations omitted).

Reasonableness review is "deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The challenging party "bears the burden of establishing

6

that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.* Although a sentence within the guideline range is not per se reasonable, "when the district court imposes a sentence within [that] . . . range, we ordinarily will expect that choice to be a reasonable one." *Id.* The district court is charged with imposing a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). It need not recite a laundry list of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, the record must reflect that the court adequately and properly considered those factors and the applicable advisory guideline range. *Id.*

The district court correctly calculated the guideline range. Boyd's category VI criminal history and Level 23 offense merited a range of 92 to 115 months. The district court also considered every § 3553(a) factor even though it was not required to do so. *Id.* It specifically articulated in open court the nature and circumstances of the offense, Boyd's history and characteristics, the need for the sentence to reflect the seriousness of offense, the kinds of available sentences, the advisory guidelines, and the need to avoid unwarranted disparities among defendants in Boyd's situation. 18 U.S.C. § 3553(a)(1-7).

Furthermore, Boyd's sentence was substantively reasonable. The statutory maximum for Boyd's offense was forty years' imprisonment. Yet, the district court imposed a sentence at the lower end of the advisory guideline range. Boyd's

ninety-two month sentence was not greater than necessary to achieve the purposes of sentencing. We conclude that Boyd has not met his burden of establishing that his sentence is unreasonable in light of the record and the § 3553(a) factors. *See Talley*, 431 F.3d at 788. Boyd's sentence is therefore affirmed.

**AFFIRMED.**